IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shenzhen Li Ying Electronic Technology Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 2023-CV-00244 |

## COMPLAINT

Plaintiff Shenzhen Li Ying Electronic Technology Co., Ltd. ("Shenzhen Li Ying"), by and through its attorneys, The Law Offices of Konrad Sherinian, LLC, hereby brings the present action against the Partnerships and Unincorporated Associations (collectively, "Defendants") identified on Schedule A attached to the complaint and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement, counterfeiting, false association, false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a)(1)(A).

2. This Court has original subject matter jurisdiction over the federal claims pursuant to 15 U.S.C. § 1051, et seq., 28 U.S.C. §§ 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a)-(b) (original jurisdiction for trademark claims). Jurisdiction over the related state law claims, which derive from a common nucleus of operative facts with the federal claims, is based on 28 U.S.C. §§ 1367 (supplemental jurisdiction) and 1338(b) (original jurisdiction for unfair competition claims when joined with related claims under the trademark law).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and this Court may properly exercise personal jurisdiction over Defendants. Each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through their operation of, or assistance in the operation of, the fully interactive, commercial Internet stores operating under the seller aliases and online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Online Stores"), as well as the shipment of products offered for sale on those Defendant Online Stores. Specifically, Defendants are involved in the production, listing for sale, sale, and/or shipping of products to Illinois residents that use infringing copies of Plaintiff's Trade Dress. Defendants have committed and knowingly participated in the commission of tortious acts in Illinois, causing Plaintiff substantial injury in the State of Illinois.

4. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Shenzhen Li Ying substantial injury in the State of Illinois. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this judicial district, and the acts

and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this judicial district.

## NATURE OF THE CASE

5. This lawsuit concerns Defendants' attempt to free ride on the reputation, goodwill and commercial value of Shenzhen Li Ying by selling and/or offering for sale counterfeit products in connection with Shenzhen Li Ying T6 trademarks, which are covered by U.S. Trademark Registration Nos. 5,712,352, 5,712,353 and 5,712,354 (collective the "T6 Trademarks"). The registrations are valid and subsisting. The registrations for the T6 Trademarks constitute prima facie evidence of their validity and of Shenzhen Li Ying's exclusive right to use the T6 Trademarks pursuant to 15 U.S.C. § 1057(b). Genuine and authentic copies of the U.S. federal trademark registration certificates for the T6 Trademarks are attached as Exhibit 1.

6. The rapid increase of e-commerce sites and their ability to hide their true identities have made it nearly impossible for trademark policing actions to be undertaken. In the past, Shenzhen Li Ying has availed itself of takedown procedures to remove infringing and counterfeit products from the third-party e-commerce platforms, such as Amazon.com. However, these efforts have proved to be an unavailing game of whack-a-mole against the mass counterfeiting that is occurring over the Internet. The aggregated effect of the mass counterfeiting that is taking place has overwhelmed Shenzhen Li Ying and its ability to police its rights against numerous anonymous defendants which are selling illegal counterfeits.

7.      To be able to offer the counterfeit products at a price substantially below the cost of original, while still being able to turn a profit after absorbing the cost of manufacturing, advertising and shipping requires an economy of scale only achievable through a cooperative effort throughout the supply chain. As Homeland Security's recent report confirms, counterfeiters act in concert through coordinated supply chains and distribution networks to unfairly compete with legitimate brand owners while generating huge profits for the illegal counterfeiting network:

> Historically, many counterfeits were distributed through swap meets and individual sellers located on street corners. Today, counterfeits are being trafficked through vast e-commerce supply chains in concert with marketing, sales, and distribution networks. The ability of e-commerce platforms to aggregate information and reduce transportation and search costs for consumers provides a big advantage over brick-and-mortar retailers. Because of this, sellers on digital platforms have consumer visibility well beyond the seller's natural geographical sales area.
>
> The impact of counterfeit and pirated goods is broader than just unfair competition. Law enforcement officials have uncovered intricate links between the sale of counterfeit goods and transnational organized crime. A study by the Better Business Bureau notes that the financial operations supporting counterfeit goods typically require central coordination, making these activities attractive for organized crime, with groups such as the Mafia and the Japanese Yakuza heavily involved. Criminal organizations use coerced and child labor to manufacture and sell counterfeit goods. In some cases, the proceeds from counterfeit sales may be supporting terrorism and dictatorships throughout the world.
>
> Selling counterfeit and pirated goods through e-commerce is a highly profitable activity: production costs are low, millions of potential customers are available online, transactions are convenient, and listing on well-branded e-commerce platforms provides an air of legitimacy.

*See* Department of Homeland Security, *Combating Trafficking in Counterfeit and Pirated Goods*, January 24, 2020, https://www.dhs.gov/publication/combating-trafficking-counterfeit-and-piratedgoods, at 10 and 19, attached hereto as Exhibit 2.

8.      Defendants create and operate Internet online stores under one or more seller aliases that are advertising, offering for sale and selling infringing and counterfeit products bearing the T6 Trademarks to unaware consumers. Online stores operating under the seller aliases share unique identifiers, establishing a logical relationship between them and that Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more seller aliases to conceal their identities and the full scope and interworking of their infringing operation. Plaintiff is forced to file this action to combat Defendants' infringing and counterfeiting activities and protect unaware consumers from purchasing counterfeit products.

9.      Various e-commerce platforms have made attempts to control counterfeiting on their respective platform. The China based e-commerce platform Alibaba has made public its efforts to reduce and prevent counterfeiting on its e-commerce sites. It created a special task force working in conjunction with Chinese authorities for a boots-on the ground effort in China to stamp out counterfeiters. It described the counterfeiters as "vendors, affiliated dealers and factories" that rely upon fictitious identities that enable counterfeiting rings to play whack-amole with authorities. *See* Fighting China's counterfeits in the online era, Xinhua, Sept. 19, 2017, http://www.chinadaily.com.cn/business/2017-09/19/content_32200290.htm, attached hereto as Exhibit 3.

10.     Shenzhen Li Ying has been and continues to be irreparably harmed through consumer confusion, and loss of control over its reputation and good-will as well as the quality of goods bearing the T6 Trademarks. The rapid growth of e-commerce as a method of marketing and supplying products to the general public exposes brand holders

and creators that make significant investments in their products and brands to significant harm from counterfeiters. *See Combating Trafficking in Counterfeit and Pirated Goods*, Jan. 24, 2020, at 4, 8, 11, Exhibit 2.

11. Online counterfeiting has been and are harming not only the brand holders, but also the public as well. "The President's historic memorandum provides a much warranted and long overdue call to action in the U.S. Government's fight against a massive form of illicit trade that is inflicting significant harm on American consumers and businesses. This illicit trade must be stopped in its tracks." *Id.* at 3, 4.

12. Shenzhen Li Ying's investigation shows that the telltale signs of an illegal counterfeiting ring are present in the instant action. For example, Schedule A shows the use of store aliases by the Defendant Online Stores that employ no normal business nomenclature and, instead, have the appearance of being made up, or if a company that appears to be legitimate is used, online research shows that there is no known address for the company. Thus, the Defendant Online Stores are using fake online storefronts designed to appear to be selling genuine Shenzhen Li Ying products, while selling inferior imitations of Shenzhen Li Ying's products. The Defendant Online Stores also share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal

counterfeiting operation. Shenzhen Li Ying is forced to file this action to combat Defendants' counterfeiting of Shenzhen Li Ying's registered T6 Trademarks, as well as to protect unknowing consumers from purchasing unauthorized T6 products over the Internet.

13. Defendants are well aware of Shenzhen Li Ying's T6 Trademarks and despite their awareness of Shenzhen Li Ying's rights have decided to offer counterfeit products in an attempt to free-ride on Shenzhen Li Ying's goodwill and reputation. Their use of the T6 Trademarks are intended to, and do, deceive consumers into believing that Shenzhen Li Ying is affiliated with Defendants, and that Shenzhen Li Ying has approved or endorsed the use of the valuable T6 Trademarks in connection with Defendants' online businesses and products.

14. Accordingly, and for the reasons set forth more fully below, Defendants are liable for, among other things, trademark infringement, counterfeiting, false association and false designation of origin, and unfair competition. Defendants should be enjoined from any further infringement and counterfeiting, and Shenzhen Li Ying is entitled to damages in an amount to be determined at trial.

## PARTIES

15. Plaintiff Shenzhen Li Ying Electronic Technology Co., Ltd. ("Shenzhen Li Ying") is a Chinese company located in the city of Shenzhen, Guangdong Province, China.

16. Shenzhen Li Ying has been operating its online stores on EBay.com for five years. Its EBay stores have been engaged in the business of marketing and retailing batteries, flash lights, headlamps and swim buoy products under the T6 brand. Shenzhen

Li Ying has exclusively used the T6 Trademarks for five years. Products sold under the T6 Trademarks are among the most popular products offered on the EBay.com platform.

17. Shenzhen Li Ying's brand, symbolized by the T6 Trademarks, is a recognized symbol of high-quality merchandise. The T6 Trademarks are distinctive and identify the merchandise as goods from Shenzhen Li Ying. The registrations for the T6 Trademarks constitute prima facie evidence of their validity and of Shenzhen Li Ying's exclusive right to use the T6 Trademarks pursuant to 15 U.S.C. § 1057 (b). The T6 Trademarks have been continuously used and never abandoned.

18. Shenzhen Li Ying has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the T6 Trademarks. As a result, products bearing the T6 Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Shenzhen Li Ying.

19. Defendants are individuals or business entities who, upon information and belief, reside in foreign jurisdictions, such as the People's Republic of China. They own and/or operate fully interactive online stores under the seller aliases, listed on the attached Schule A, to conduct business activity throughout the entire United States via online promotion, offering for sale, and importation and distribution of infringing and counterfeit products bearing the T6 Trademarks. Defendants deceive unaware consumers by using the T6 Trademark without authorization or license from Shenzhen Li Ying to use the T6 Trademarks. Each of the Defendants has targeted Illinois and this district by selling, offering to sell and/or knowingly assisting in the selling or offering to sell, the counterfeit products to Illinois consumers on Amazon.com and other e-commerce platforms.

20. On information and belief, Defendants, either individually or jointly, operate their online stores under the seller aliases identified in attached Schedule A. Defendants appear to be an interrelated group of infringers operating under different seller aliases. Defendants' online stores share certain common design elements, the same or similar counterfeit products that they offer for sale, similar product descriptions, the same or substantially similar shopping cart platforms, the same accepted currency of U.S. Dollar via PayPal and other well-known payment methods, the same or substantially similar checkout methods, and other similarities. Such similarities provide evidence to establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same series of transactions or occurrences. They also use various tactics to conceal their true identities and the complete scope of their illegal operation. Due to the tactics they deployed, it is virtually impossible for Plaintiff to ascertain Defendants' identities and their actual interworking. Shenzhen Li Ying will amend the Complaint if and when Defendants' true identities become known to Shenzhen Li Ying.

## **DEFENDANTS' UNLAWFUL CONDUCT**

21. The T6 brand's success in recent years has resulted in significant counterfeiting by Defendants. Defendants conduct their illegal operations through fully interactive commercial websites hosted on various e-commerce platforms. Each Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit products bearing the T6 Trademarks to consumers within the United States, including the State of Illinois.

22. Defendants intentionally conceal their identities and the full scope of their counterfeiting operations on various e-commerce platforms in an effort to deter Shenzhen Li Ying from learning their true identities and the exact interworking of their illegal counterfeiting operations. Through their operation of the Defendant Online Stores, they are directly and personally contributing to, inducing and engaging in the sale of counterfeit products as alleged, often times as partners, co-conspirators and/or suppliers. Upon information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell counterfeit products violating Shenzhen Li Ying's intellectual property rights.

23. On information and belief, Defendants, up, have had full knowledge of Shenzhen Li Ying's ownership of the T6 Trademarks, including the exclusive right to use and license such intellectual property and the goodwill associated therewith. They often go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their massive network of Defendant Online Stores. Defendant Online Stores also use privacy services to conceal the owners' identities and contact information. On information and belief, Defendants regularly create new websites and online marketplace accounts on various e-commerce platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Online Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, and the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down by the hosting e-commerce platforms.

24. The counterfeit products of the T6 Trademarks and offered for sale by the Defendant Online Stores bear similarities and indicia of being related to one another, suggesting that the counterfeit T6 products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Online Stores also include other notable common features, including use of the same store name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate Search Engine Optimization (SEO) tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

25. Furthermore, Defendants in this action also use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new stores or online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring takedown demands sent by brand owners. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2020 U.S. Customs and Border Protection report on seizure statistics indicated that e-commerce sales have contributed to large volumes of low-value packages imported into the United States. U.S. Customs and Border Protection, *Intellectual Property Right Seizure Statistics*, Fiscal Year 2020, (https://www.cbp.gov/sites/default/files/assets/documents/2021-

Sep/101808%20FY%202020%20IPR%20Seizure%20Statistic%20Book%2017%20Final%20spreads%20ALT%20TEXT_FINAL%20%28508%29%20REVISED.pdf) at 15. A true and correct copy of U.S. Customs and Border Protection 's Fiscal Year 2020 report is attached hereto as Exhibit 4. In the report, there were 184 million express mail shipments and 356 million international mail shipments. Over 90 percent of all intellectual property seizures occur in the international mail and express environments. *Id.* The ongoing e-commerce revolution drove a 28 percent increase in low-value shipments and 219 percent increase in air cargo in Fiscal Year 2020. *Id.*

26. Counterfeiters like Defendants in this case typically operate multiple credit card merchant accounts and third-party accounts, such as PayPal, Inc. ("PayPal") accounts and Payoneer Global Inc. ("Payoneer") accounts, behind layers of payment gateways so that they can continue operation in spite of Shenzhen Li Ying's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal or similar accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based accounts to China-based bank accounts outside the jurisdiction of this Court.

27. On information and belief, Defendants also deceive unknowing consumers by using the T6 Trademarks without authorization within the content, text, and/or meta tags of their online store websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for T6 products. On information and belief, Defendants facilitate sales by designing the Defendant Online Stores so that they

appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine T6 products. Additionally, upon information and belief, Defendants use other unauthorized SEO tactics and social media spamming so that the Defendant Online Stores show up at or near the top of relevant search results and misdirect consumers searching for genuine T6 products. Further, Defendants utilize similar illegitimate SEO tactics to propel new Defendant Online Stores to the top of search results after other are shut down.

28. Defendants' use of the T6 Trademarks on or in connection with the advertising, marketing, distribution, offering for sale and sale of the counterfeit products is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming Shenzhen Li Ying. Defendants have manufactured, imported, distributed, offered for sale and sold counterfeit products using counterfeit versions of the T6 Trademarks and continue to do so. In addition, without authorization or license from Shenzhen Li Ying, Defendants in this case have knowingly and willfully used and continue to use the T6 Trademarks in connection with the advertisement, offer for sale and sale of the counterfeit products over the Internet. Shenzhen Li Ying did not manufacture, inspect or package the counterfeit products and did not approve the counterfeit products for sale or distribution. The Defendant Online Stores offer shipping to the United States, including Illinois, the counterfeit products into the United States, including Illinois.

29. Unknowing consumers are deceived by Defendants' use of the T6 Trademarks without authorization within the content, text, and/or meta tags of the listings on infringing webstores in order to attract various search engines crawling the internet looking for websites relevant to consumer searches for T6 products and in consumer product

searches within the webstores. On information and belief, Defendants will continue to register or acquire listings for the purpose of selling counterfeit goods that infringe upon the T6 Trademarks unless preliminarily and permanently enjoined.

30. Defendants' use of the T6 Trademarks in connection with the advertising, distribution, offering for sale, and sale of counterfeiting T6 products, including the sale of counterfeit T6 products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Shenzhen Li Ying.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING
## (15 U.S.C. § 1114)

31. Plaintiff realleges and incorporates by reference the previous paragraphs of this Complaint.

32. This is a trademark infringement action against Defendants based on the unauthorized use in commerce of counterfeiting imitations of the registered T6 Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The T6 Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Shenzhen Li Ying's products provided under the T6 Trademarks.

33. Defendants have advertised, marketed, offered to sell, sold, distributed, and are still advertising, marketing, offering to sell, selling, and distributing counterfeit products in connection with the T6 Trademarks without Shenzhen Li Ying's permission.

34. The U.S. Registrations for the T6 Trademarks, see Exhibit 1, are in full force and effect and are exclusively owned by Shenzhen Li Ying. Upon information and belief,

Defendants have knowledge of Shenzhen Li Ying's rights in the T6 Trademarks, and are willfully infringing and intentionally using counterfeits of the T6 Trademarks. Defendants' willful, intentional and unauthorized use of the T6 Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

35. Defendants' online activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36. Shenzhen Li Ying has no adequate remedy at law, and if Defendants' actions are not enjoined, Shenzhen Li Ying will continue to suffer irreparable harm to its reputation and the goodwill of its well-known T6Trademarks.

37. The injuries and damages sustained by Shenzhen Li Ying has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit T6 products.

**COUNT II**
**TRADE DRESS INFRINGEMENT AND**
**FALSE ASSOCIATION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

38. Plaintiff realleges and incorporates by reference the previous paragraphs of this Complaint.

39. Defendants' advertising, marketing, offering for sale, and sale of counterfeiting T6 products have created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with

15

Shenzhen Li Ying or the origin, sponsorship, or approval of Defendants' counterfeit T6 products by Shenzhen Li Ying.

40. By using the T6 Trademarks in connection with the sale of counterfeiting T6 products, Defendants has created and create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeiting T6 products.

41. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeiting T6 products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125

42. Shenzhen Li Ying has no adequate remedy at law and, if Defendants' actions are not enjoined, Shenzhen Li Ying will continue to suffer irreparable harm to its reputation and the goodwill of the well-known T6 Trademarks.

## COUNT III
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS § 510, et seq.)**

43. Plaintiff realleges and incorporates by reference the previous paragraphs of this Complaint.

44. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their counterfeiting T6 products as those of Shenzhen Li Ying's, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine T6 products, representing that their products have Shenzhen

Li Ying's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

45. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

46. Shenzhen Li Ying has no adequate remedy at law, and Defendants' conduct caused Shenzhen Li Ying to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Shenzhen Li Ying will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendants as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

   a. using the T6 Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine T6 product or is not authorized by Plaintiff to be sold in connection with the T6 Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine T6 product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the T6 Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' counterfeiting T6 products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the T6 Trademarks and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff's in any manner;

f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered or sale, and which bear any Plaintiff's trademarks, including the T6 Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof; and

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Online Stores, or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeiting T6 products;

2. That Defendants, within fourteen (14) days after service of judgment with notice of entry hereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1, through g, above;

3. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as, but not limited to, eBay, PayPal, WISH, Amazon, Alipay, Alibaba, AliExpress, Walmart,

Wish.com, Etsy, DHgate, social media platforms, Facebook, YouTube, LinkedIn, Twitter, internet search engines such as Google.com, Bing.com and Yahoo.com, web hosts or the Defendant Online Stores, and online marketplace account registrars, shall:

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeiting T6 products using the T6 Trademarks, including any accounts associated with the Defendants listed on Schedule A;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeiting T6 products using the T6 Trademarks; and

    c. take all steps necessary to prevent links to the Defendant Online Stores identified on schedule A from displaying in search results, including, but not limited to, removing inks to the Defendant Online Stores from any search index;

4. That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the T6 Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

5. In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 117(c)(2) of $2,000,000 for each and every use of the T6 Trademarks;

6. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

7. Award any and all other relief that this Court deems just and proper.

|  | SHENZHEN LI YING ELECTRONIC TECHNOLOGY CO., LTD. |
|---|---|
| Date: January 17, 2023 | By: /s/ Konrad Sherinian |
|  | An attorney for plaintiff |

Attorneys for Plaintiff

Konrad Sherinian
E-Mail: ksherinian@sherinianlaw.net
Depeng Bi
E-Mail: ebi@sherinianlaw.net
THE LAW OFFICES OF KONRAD SHERINIAN, LLC
1755 Park Street, Suite # 200
Naperville, Illinois 60563
Telephone: (630) 318-2606
Facsimile: (630) 364-5825